SO ORDERED: March 18, 2022.



_____
James M. Carr
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RICHARD NATHAN BELL, | ) Case No. 20-05958-JMC-7A |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS AGAINST INTEGRITY WHOLESALE FURNITURE, LLC AND ITS COUNSEL FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

THIS MATTER came before the Court on the *Motion to Hold Creditor Integrity Wholesale Furniture, LLC, and its Counsel in Contempt for Willful Violation of the Automatic Stay* filed by Richard Nathan Bell ("Debtor") on May 13, 2021 (Docket No. 86) (the "Motion"). The Court, having reviewed the Motion and *Paul B. Overhauser and Melanie A. Eich's Objection to Debtor's Motion to Hold Creditor Integrity Wholesale Furniture, LLC, and its Counsel in Contempt for Willful Violation of the Automatic Stay* filed by Integrity Wholesale Furniture, LLC ("Integrity") and its counsel Paul B. Overhauser and Melanie Eich ("Counsel" and together with Integrity, "Creditor") on May 18, 2021 (Docket No. 91) (the "Objection"),

having heard the representations of counsel for Debtor, counsel for Integrity and Counsel at a hearing on June 24, 2021, at which the Court requested briefing on the issue of when Integrity's claim to recover costs and attorneys fees under 17 U.S.C. § 505 arose for bankruptcy purposes, as such timing question relates to application of the automatic stay to actions taken by Creditor to prosecute such claim, having reviewed *Debtor's Supplemental Brief* filed on July 20, 2021 (Docket No. 114), the *Response to Debtor's Supplemental Brief [Dkt. 114]* filed by Creditor on August 4, 2021 (Docket No. 117), the *Notice of District Court Ruling re: Debtor's Motion for Sanctions and Amended Motion for Sanctions [Dkts. 85 & 86]* filed by Creditor on January 10, 2022 (Docket No. 137), attached to which is a copy of the *Order Denying Motion to Stay and Setting Briefing Schedule* entered by the United States District Court for the Southern District of Indiana (the "District Court") in the case captioned *Bell v. Integrity Wholesale Furniture, LLC*, No. 1:18-cv-01162-JRS-MG (the "Lawsuit") on January 5, 2022 (Lawsuit Docket No. 113) (the "First District Court Order"), and the *Order Denying Motion to Vacate and Extending Briefing Deadlines* entered by the District Court on February 1, 2022 (Lawsuit Docket No. 116) (the "Second District Court Order"), and being otherwise duly advised, now SUSTAINS the Objection and DENIES the Motion.

*Background*

On April 17, 2018, Debtor commenced the Lawsuit against Integrity. On September 16, 2020, Integrity filed a motion for summary judgment in the Lawsuit. The motion for summary judgment was pending on October 27, 2020 (the "Petition Date") when Debtor filed a chapter 7 petition commencing this case. On April 5, 2021, the District Court granted Integrity's motion for summary judgment. On April 29, 2021, Integrity filed *Defendant's Motion for Bill of Costs, Including Attorneys' Fees* (the "Costs Motion") in the Lawsuit pursuant to 17 U.S.C. § 505 and

Fed. R. Civ. P. 54.

Debtor alleges that Creditor violated the automatic stay by filing the Costs Motion because Integrity's claim for costs and attorneys fees arose as a contingent "claim" pursuant to 11 U.S.C. § 101(5)(A) before or as of the Petition Date. Creditor alleges that it did not have a claim for costs and attorneys fees until the District Court entered summary judgment in Integrity's favor on April 5, 2021, and because the summary judgment was granted after the Petition Date, the automatic stay does not prohibit Integrity from pursuing its post-petition claim for costs and attorney fees.

*Analysis*

The filing of a bankruptcy petition operates as a stay of:

> (1) the commencement or continuation … of a judicial … proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> …
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title … .

11 U.S.C. § 362(a)(1) and (6). Damages are available for willful violations of the automatic stay pursuant to 11 U.S.C. § 362(k), which provides:

> (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

To succeed on his § 362(k) claim, Debtor has the burden of proving the following elements by a preponderance of the evidence:

> (1) a bankruptcy petition was filed; (2) the aggrieved debtor is an "individual"; (3) the creditor had notice of the petition; (4) the creditor's actions were willful and violated the stay; and (5) the debtor is entitled to a form of relief provided by § 362(k).

*Ralph v. Forum Credit Union (In re Ralph)*, No. 09-11537, 2010 WL 2594947 at *3 (Bankr. S.D. Ind. June 23, 2010) (citing *Galmore v. Dykstra (In re Galmore)*, 390 B.R. 901 (Bankr. N.D. Ind. 2008)). "For the violation to be 'willful', the creditor need only intend to commit the act that led to the violation; the debtor need not prove that the creditor specifically intended to violate the stay." *Id.* (citing *Galmore*, 390 B.R. at 907; *Kline v. Tiedemann (In re Kline)*, 424 B.R. 516, 524 (Bankr. D. N.M. 2010)). *See also Indiana Dep't of Revenue v. Williams*, 301 B.R. 871, 878 (S.D. Ind. 2003); *In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009).

The First District Court Order provides in relevant part:

> [Debtor] brought this action against [Integrity]; not the other way around. And Integrity did not have a claim for costs and fees against [Debtor] until the [District Court] granted its Motion for Summary Judgment and entered judgment in favor of Integrity, which occurred on April 5, 2021–long after [Debtor] filed his bankruptcy petition in the Bankruptcy Court.

Debtor asked the District Court to vacate the First District Court Order. The District Court declined to do so in the Second District Court Order, which provides in relevant part:

> [The District Court] has already decided the automatic-stay argument against [Debtor] by concluding that the automatic stay under 11 U.S.C. § 362(a) does not stay [Integrity's] claim for costs and fees.

The District Court determined that Integrity's claim for costs and attorneys fees arose after the Petition Date and that Creditor did not violate the automatic stay by filing the Costs Motion in the Lawsuit. On that basis, Debtor has not proven a necessary element of Debtor's claim under § 362(k) – that Creditor's actions violated the stay. Accordingly, Debtor is not entitled to an award of sanctions.

IT IS SO ORDERED.

# # #